Lola OSBORNE, and Khila Ward, Plaintiffs,

v.

COUNTY OF RIVERSIDE, Riverside County Counsel, County of Riverside Department of Public Social Services/Child Protective Services, Tanya Galvan, Scott Johnson, Jenny Williams, Arlene Butler, David Hatcher, Jerry Lalonde–Berg, Dave Demers, and Eunice Jones, Defendants.

No. EDCV031087RTSGLX.

United States District Court,
C.D. California,
Eastern Division.

Sept. 1, 2005.

Howard L. Rasch, Law Offices of Howard L. Rasch, La Quinta, CA, for Plaintiffs.

Bruce E. Disenhouse, Kinkle, Rodiger and Spriggs, Riverside, CA, for Defendants County of Riverside, Riverside County Counsel, County of Riverside Department of Public Social Services/Children's Protective Services, Tanya Galvan, Scott Johnson, Jenny Williams, Arlene Butler, David Hatcher, Jerry Lalonde–Berg, and Dave Demers.

Mark S. Lester, Jason R. Lindsay, Haight Brown & Bonesteel LLP, Riverside, CA, for Defendant Eunice Jones.

ORDER 1) DISMISSING SUA SPONTE CLAIM ONE OF THE FIRST AMENDED COMPLAINT FOR DEPRIVATION OF FOURTH AMENDMENT RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 FOR LACK OF STANDING, WITH PREJUDICE; 2) DISMISSING SUA SPONTE CLAIM ONE OF THE FIRST AMENDED COMPLAINT FOR DEPRIVATION OF FOURTEENTH AMENDMENT LIBERTY INTEREST IN VIOLATION OF 42 U.S.C. § 1983 FOR LACK OF STANDING, WITHOUT PREJUDICE; AND 3) DISMISSING SUA SPONTE CLAIM TWO OF THE FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, WITH PREJUDICE.

TIMLIN, District Judge.

The court, Judge Robert J. Timlin, has read and considered Defendants County of Riverside (named as itself, Riverside County Counsel, and County of Riverside Department of Public Social Services/Child Protective Services ("DPSS")), Scott Johnson ("Johnson"), Jenny Williams ("Williams"), Arlene Butler ("Butler"), David Hatcher ("Hatcher"), Jerry Lalonde–Berg ("Lalonde–Berg"), Dennis Boyle ("Boyle"), Dave Demers ("Demers"), and Tanya Galvan ("Galvan") (collectively, "County Defendants")' motion to dismiss the First Amended Complaint ("FAC") pursuant to Federal Rules of Procedure, Rule 12(b)(6) ("Rule 12(b)(6)"), or, in the alternative, motion for a more definite statement pursuant to Federal Rule of Civil Procedure, Rule 12(e) ("Rule 12(e)"), and Plaintiff Lola Osborne ("Osborne") individually and as the parent and natural guardian of Khila Ward ("Ward"), a minor child, (collectively, "Plaintiffs")' opposition, and County Defendants' reply. The court has also read and considered Plaintiffs' "opposition" to the court's June 22, 2004 Order to Show Cause ("June 22 OSC") and County Defendants' reply. The court has further read and considered Defendant Eunice Jones ("Jones")' motion to dismiss the FAC pursuant to Rule 12(b)(6), and Plaintiffs' opposition. Jones did not file a reply. Based on such consideration,[1] the court concludes as follows:

## I.

### BACKGROUND [2]

The instant action concerns the removal of a minor child, Cynthia Fulton ("Cynthia"), from Plaintiffs' custody and the sub-

---

1. Since County Defendants and Jones assert similar contentions in their motions, the court has considered both motions together.

2. These facts are derived from the FAC, which facts, along with reasonable inferences therefrom, the court must accept as true when considering a motion to dismiss under Rule 12(b)(6). *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir.1998).

sequent proceedings in the State of California Superior Court, Riverside County ("state court") that ultimately resulted in Cynthia's adoption by persons other than Plaintiffs.

Osborne is Cynthia's grandmother and Ward is Cynthia's aunt. Galvan is a deputy county counsel in the office of the Riverside County Counsel. Johnson, Williams, Butler, Hatcher and Lalonde–Berg are social/case workers for the DPSS. Boyle is director of DPSS and Demers is deputy director of DPSS. Jones is a lawyer, appointed by the state court, who represented Cynthia during the state court dependency proceedings.

On June 12, 2000, County Defendants and Jones (collectively, "Defendants") caused Cynthia to be removed from Plaintiffs' custody without a warrant, valid court order, hearing, or justification. From that date to the present, Defendants presented false allegations concerning Plaintiffs to the state court, misrepresented and fabricated evidence presented to the state court, continued to seek Cynthia's removal from Plaintiffs' custody after an expert concluded there was no basis to remove her, failed to present exculpatory evidence supporting the return of Cynthia to Plaintiffs' custody, failed to allow Plaintiffs to respond to false allegations of wrongdoing, and violated other procedural due process rights of Plaintiffs.

Plaintiffs filed the FAC in this court against Defendants, stating in claim one a deprivation of Plaintiffs' Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 ("Section 1983"), and in claim two an entitlement to declaratory and injunctive relief. Jones is being sued only in her individual capacity, but the other individual defendants are being sued in both their official and individual capacities. In Plaintiffs' prayer for relief, they request compensatory damages, punitive damages as to the individual defendants, reasonable attorney's fees pursuant to 42 U.S.C. § 1988, and the "issuance of temporary restraining orders, preliminary injunctions and ultimately a permanent injunction enjoining the actions of defendants."

County Defendants filed a motion to dismiss the FAC pursuant to Rule 12(b)(6) or, alternatively, a motion for a more definite statement pursuant to Rule 12(e). Jones filed a motion to dismiss the FAC pursuant to Rule 12(b)(6).

## II.

### *ANALYSIS*

#### A. Legal Standard

#### 1. Rule 12(b)(6)

Under Rule 12(b)(6), a party may move to dismiss for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) dismissal can be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988). In resolving a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true, as well as any reasonable inferences drawn from them. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). A complaint should be dismissed if the plaintiff cannot prove any set of facts to support a claim that would merit relief. *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1229 (9th Cir.2004).

#### 2. Rule 12(e)

Rule 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a

responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." A Rule 12(e) motion should "point out the defects complained of and the details desired." Fed.R.Civ.P. 12(e). While Rule 12(e) motions are disfavored, *Travelers Cas. & Sur. Co. v. Amoroso*, 2004 WL 1918890, at *2 (N.D.Cal. Aug. 24, 2004), they are appropriate when "a pleading fails to specify the allegations in a manner that provides sufficient notice" to a defendant. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

## B. Standing

Courts have a duty to raise issues of standing *sua sponte*. *Biggs v. Best, Best & Krieger*, 189 F.3d 989, 998 n. 7 (9th Cir.1999). The standing requirement stems from Article III of the United States Constitution ("Article III"), which requires that federal courts adjudicate only actual cases and controversies. *United Food and Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 551, 116 S.Ct. 1529, 134 L.Ed.2d 758 (1996). Article III standing is an "indispensable part" of a plaintiff's case. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). To establish Article III standing, a plaintiff must show: (1) an injury-in-fact; (2) a causal connection between the injury-in-fact and defendant's conduct; and (3) a likelihood that the injury-in-fact will be redressed by a favorable decision. *Id.* at 560–61, 112 S.Ct. 2130. At the pleading stage, a plaintiff need only set forth "general factual allegations of injury resulting from the defendant's conduct." *Id.* at 561, 112 S.Ct. 2130.

## 1. Standing of Plaintiffs to Bring Claim One of the FAC for Violation of Section 1983

■ The first element of standing is injury-in-fact. *Lujan*, 504 U.S. at 561, 112

S.Ct. 2130. An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical." *Id.* at 559–60, 112 S.Ct. 2130 (internal citations and quotations omitted). Fourth Amendment rights and liberty interests protected by the Due Process Clause of the Fourteenth Amendment ("Due Process Clause") constitute legally protected interests for the purpose of standing. *See, e.g., Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir.1998) ("[T]he general rule is that only the person whose Fourth Amendment rights were violated can sue to vindicate those rights."); *Merrifield v. Schwarzenneger*, 2004 WL 2926164, at *4–5 (N.D.Cal. April 21, 2004) (analyzing whether plaintiff's liberty interest to engage "in the occupation of his choice" under the Fourteenth Amendment had been injured).

Plaintiffs contend that Defendants' removal of Cynthia from Plaintiffs' custody deprived them of their (1) right to be free from unreasonable seizures under the Fourth Amendment, and (2) liberty interest in familial integrity and association under the Due Process Clause.

### a. Injury to Fourth Amendment right to be Free from Unreasonable Seizures

■ The court will first address whether Defendants' seizure of Cynthia from Plaintiffs' custody invaded their legally protected interest in their Fourth Amendment rights. While a person has standing to challenge the seizure of his or her own person, *Moreno v. Baca*, 400 F.3d 1152, 1166 (9th Cir.2005), a person does not have standing to vicariously assert the Fourth Amendment rights of another person. *Moreland*, 159 F.3d at 369. An exception to this rule exists when the survivor of an individual killed as a result of a

police officer's excessive force brings a Fourth Amendment claim under Section 1983 and state law authorizes survivor's actions. *Id.* In the instant case, Defendants seized Cynthia, not Plaintiffs, and Plaintiffs cannot vicariously assert Cynthia's Fourth Amendment right to be free from unreasonable seizures. Based on the allegations in the FAC, the excessive force exception to Fourth Amendment standing does not apply to this action.

The court will grant County Defendants' and Jones' motions to dismiss claim one of the FAC for deprivation of Plaintiffs' Fourth Amendment right to be free from unreasonable seizures with prejudice.

### b. Injury to Fourteenth Amendment Liberty Interest in Familial Integrity and Association

Before addressing whether Defendants' removal of Cynthia injured Plaintiffs' liberty interest in familial integrity and association, the court must determine whether Osborne, as Cynthia's grandmother, and Ward, as Cynthia's aunt, possess such a liberty interest.

■ It is well-established that " 'freedom of personal choice in matters of ... family life is one of the liberties protected by the Due Process Clause of the Fourteenth Amendment.' " *Smith v. Org. of Foster Families for Equality and Reform,* 431 U.S. 816, 842, 97 S.Ct. 2094, 53 L.Ed.2d 14 (1977) (quoting *Cleveland Bd. of Educ. v. LaFleur,* 414 U.S. 632, 639–40, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974)). As a corollary, "[t]here does exist a 'private realm of family life which the state cannot enter,' that has been afforded both substantive and procedural protection." *Id.* (quoting *Prince v. Massachusetts,* 321 U.S. 158, 166, 64 S.Ct. 438, 88 L.Ed. 645 (1944)). Thus, parents have "a constitutionally protected liberty interest in making decisions about the care, custody, and control of their children." *Miller v. California,* 355 F.3d 1172, 1175 (9th Cir.2004). This liberty interest guarantees "the right of parents and children to live together without government interference," meaning that "parents will not be separated from their children without due process of law except in emergencies." *Mabe v. San Bernardino County Dep't of Soc. Services,* 237 F.3d 1101, 1107 (9th Cir.2001); *see also Wallis v. Spencer,* 202 F.3d 1126, 1136–37 (9th Cir.2000).

■ The issue is whether this liberty interest in familial integrity and association held by parents with respect to their children extends to close relatives of children such as grandmothers and aunts.

The court will begin by examining whether such an interest exists for grandparents. In *Mullins v. Oregon,* 57 F.3d 789, 794, 797 (9th Cir.1995), the Ninth Circuit Court of Appeals ("Ninth Circuit") held that grandparents "by virtue of genetic link alone" had no liberty interest in the adoption of their grandchildren under the Due Process Clause. In so holding, the court distinguished *Moore v. City of East Cleveland,* 431 U.S. 494, 499, 503–06, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977), which, as the Ninth Circuit explained, invalidated a city ordinance that "violated the grandmother's fundamental right to reside with the grandchild whom she had established a long-standing custodial relationship," because "[a] negative right to be free of governmental interference in an already existing familial relationship does not translate into an affirmative right to create an entirely new family unit out of whole cloth." *Mullins,* 57 F.3d at 794. Relying on *Mullins,* the Ninth Circuit in *Miller,* 355 F.3d at 1176–77 (quoting *Mullins,* 57 F.3d at 794), held that "noncustodial grandparents" did not have a liberty interest " 'by virtue of genetic link alone' " in familial integrity, association, or visitation rights with their grandchildren where

there was "no existing family unit of which they were a part that [defendant] sought to break asunder."

The court concludes that these cases establish the rule that grandparents have no liberty interest in familial integrity or association with their grandchildren "by virtue of genetic link alone," but grandparents who have "a long-standing custodial relationship" with their grandchildren such that together they constitute an "existing family unit" do possess a liberty interest in familial integrity and association. *See Moore*, 431 U.S. at 499, 503–06, 97 S.Ct. 1932; *Mullins*, 57 F.3d at 794; *Miller*, 355 F.3d at 1176–77.

The next question is whether this rule applies to other close relatives of children, such as aunts. In *Rivera v. Marcus*, 696 F.2d 1016, 1017 (2d Cir.1982), the Second Circuit Court of Appeals ("Second Circuit") held that the plaintiff, the "much older" half-sister and foster parent of her half-brother and sister who had been removed from the plaintiff's home by the Connecticut Welfare Department, had "an important liberty interest in preserving the integrity and stability of her family." *Id.* at 1024–25. While acknowledging that "[t]he parent-child relationship" was "the core of the constitutional notion of 'family,'" the Second Circuit concluded that "[t]he constitutional concept of 'family' has evolved, however, to include relationships among members of what has commonly become known as the 'extended family.'" *Id.* The Second Circuit pointed out that the Supreme Court had rejected "the no-

tion that 'family' should be limited, for purposes of due process, to the nuclear family," noting that "'[t]he tradition of uncles, aunts, cousins, and especially grandparents sharing a household along with parents and children has roots equally venerable and equally deserving of constitutional recognition.'" *Id.* at 1023 (quoting *Moore*, 431 U.S. at 504–05, 97 S.Ct. 1932).[3]

This court finds *Rivera* to be persuasive and adopts its reasoning. Although *Rivera* dealt with a "much older" half-sister caring for her half-brother and sister in a custodial relationship, the Second Circuit's reasoning is just as applicable to "uncles, aunts, cousins, and especially grandparents" in custodial relationships with related children.[4] *Id.* at 1023 (quoting *Moore*, 431 U.S. at 504–05, 97 S.Ct. 1932). It is this court's view that the foregoing judicial authority supports the conclusion that the parental liberty interest in familial integrity and association with respect to their children extends to close relatives in long-standing custodial relationships with related children. *See Moore*, 431 U.S. at 499, 503–06, 97 S.Ct. 1932; *Mullins*, 57 F.3d at 794; *Miller*, 355 F.3d at 1176–77; *Rivera*, 696 F.2d at 1024–25. As a result, the court concludes that while close relatives, such as aunts, have no liberty interest in familial integrity or association with related children, such as nieces, "by virtue of genetic link alone," close relatives who have "a long-standing custodial relationship" with related children such that together they constitute an "existing family

---

**3.** The Second Circuit also distinguished the plaintiff's situation from that of normal foster parents, who do not possess a liberty interest in the maintenance of foster relationships, because the plaintiff was biologically related to the children, they had lived together for several years prior to the foster care arrangement, and there was no potential for conflict with natural parents. *Id.* at 1024.

**4.** Although *Rivera* involved procedural due process, its reasoning on the liberty interest would apply to both procedural and substantive due process because they both protect the same liberty interests, albeit in different ways. *See Stiesberg v. California*, 80 F.3d 353, 357 (9th Cir.1996); *Delaney v. Souther-Wyatt*, 2000 WL 33201931, at *7 (D.Or. April 24, 2000).

unit" possess a liberty interest in familial integrity and association. *See id.; see also Prince,* 321 U.S. at 161, 165–167, 64 S.Ct. 438 (equating an aunt with custody over a young girl with a natural parent when weighing the liberty interest in "custody, care and nurture of the child" against governmental authority); *Ellis v. Hamilton,* 669 F.2d 510, 513 (7th Cir.1982) (noting that "we are reluctant to conclude that a great-aunt, an adoptive grandmother, and a de facto mother and father all rolled up into one does not have a liberty interest sufficiently like that of a parent to support an action under section 1983" before assuming that the plaintiff "had a liberty interest in the society of her grandchildren").

■ The next inquiry is whether Plaintiffs have sufficiently alleged this liberty interest in the FAC. The FAC contains only the allegations that Osborne is "the paternal grandmother" of Cynthia and that Ward is "the Aunt" of Cynthia. Plaintiffs inferentially allege that they possess a liberty interest in familial integrity and association with Cynthia "by virtue of genetic link alone." *Mullins,* 57 F.3d at 794. The court finds that to state a claim for deprivation of their liberty interest under the Due Process Clause, Plaintiffs must allege facts establishing that they had "a longstanding custodial relationship" with Cynthia such that together they constituted an "existing family unit." *See* Fed.R.Civ.P. 8(a); *Lujan,* 504 U.S. at 561, 112 S.Ct. 2130. Since Plaintiffs failed to state such facts, the court concludes that they did not sufficiently allege a liberty interest such that the removal of Cynthia would amount to an invasion of that legally protected interest. As a result, Plaintiffs have not alleged an injury-in-fact and, therefore, they lack standing to bring their Section 1983 claim based on deprivation of their due process rights under the Fourteenth Amendment.

The court will grant County Defendants' and Jones' motions to dismiss claim one of the FAC for deprivation of Plaintiffs' liberty interest in familial integrity and association in violation of Section 1983 for lack of standing without prejudice.

**2. Standing of Plaintiffs to Bring Claim Two of the FAC for Declaratory and Injunctive Relief**

■ The court issued the June 22 OSC asking the parties to brief the issue of Plaintiffs' standing to bring claim two of the FAC for equitable relief. In particular, the court assumed that the state court proceedings had terminated and questioned the existence of future harm to Plaintiffs by County Defendants and Jones. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 109, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (holding that to have standing to obtain equitable relief in cases concerning a wholly past injury, a plaintiff must also show that he or she is realistically threatened by a repetition of that injury).

In the FAC, Plaintiffs request the issuance of a temporary restraining order, preliminary injunction, and permanent injunction to prevent Defendants from interfering with the due process rights of Plaintiffs and "others similarly situated." All the alleged wrongful acts committed by County Defendants and Jones relate to actions taken during the pendency of the child dependency proceedings in state court, which the parties do not dispute have ended. The FAC contains no allegations that Plaintiffs will suffer the same or similar injury in the future, such as having custody over another minor child whose removal from their home by County Defendants is imminent. Under such circumstances, a plaintiff seeking equitable relief lacks standing. *See Lyons,* 461 U.S. at 109, 103 S.Ct. 1660; *see also RK Ventures,*

*Inc. v. City of Seattle,* 307 F.3d 1045, 1056–57 (9th Cir.2002) (holding that the appellants lacked standing to pursue declaratory relief because "the Celebrity [Italian Kitchen] is no longer in business and is no longer subject to the nuisance abatement Ordinance"); *B.C. v. Plumas Unified School Dist.,* 192 F.3d 1260, 1264 (9th Cir. 1999) (holding that a student subject to a dog sniff search for drugs did not have standing to sue for injunctive relief to prevent that type of search because he was no longer enrolled in the school and had no plans to reenroll).

Plaintiffs contend that they have standing to bring their claim for equitable relief because they have standing to seek damages based on the same operative facts and legal theory. To support this argument, they cite a line of Ninth Circuit cases, starting with *Gonzales v. City of Peoria,* 722 F.2d 468, 481 (9th Cir.1983), which held that where claims for damages and equitable relief arise from the same operative facts and legal theory, a plaintiff with standing to seek damages also has standing to seek equitable relief. *See also Nava v. City of Dublin,* 121 F.3d 453, 456 (9th Cir.1997); *Smith v. City of Fontana,* 818 F.2d 1411, 1423 (9th Cir.1987); *Giles v. Ackerman,* 746 F.2d 614, 619 (9th Cir. 1984). Yet, in *Hodgers–Durgin v. de la*

*Vina,* 199 F.3d 1037, 1040–41 n. 1 (9th Cir.1999) (en banc), the Ninth Circuit overruled this line of cases, finding it irreconcilable with the Supreme Court's holding in *Lyons,* 461 U.S. at 109, 103 S.Ct. 1660.

The court will grant County Defendants' and Jones' motions to dismiss claim two of the FAC for declaratory and injunctive relief for lack of standing with prejudice.[5]

## III.

### DISPOSITION

ACCORDINGLY, IT IS ORDERED THAT

1) Claim one of the First Amended Complaint for deprivation of Plaintiffs' Fourth Amendment right to be free from unreasonable seizures in violation of 42 U.S.C. § 1983 is DISMISSED with prejudice;

2) Claim one of the First Amended Complaint for deprivation of Plaintiffs' liberty interest in familial integrity and association under the Due Process Clause of the Fourteenth Amendment in violation of 42 U.S.C. § 1983 is DISMISSED without prejudice;

3) Claim two of the First Amended Complaint for declaratory and injunc-

---

**5.** Since the court concludes that it lacks standing over both of Plaintiffs' claims, it cannot proceed to decide the merits of County Defendants' and Jones' other contentions in support of their motions, e.g., statute of limitations and immunity by County Defendants and litigation privilege, statute of limitations and not a "state actor" as to the Section 1983 claim by Jones. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 93–94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). The court does remind all parties that in its June 29, 2005 order in a related case, *Alonzo v. County of Riverside,* ED CV 03–1259, it (1) dismissed defendants Riverside County Counsel and DPSS because they were not governmental entities, but rather departments or offices of

Defendant County of Riverside, (2) dismissed Defendant David Wohl, an attorney in private practice, who represented the subject minor in the underlying state court dependency proceedings, because he was performing prosecutorial functions in child welfare proceedings, such as instituting child dependency proceedings, and was entitled to absolute immunity, *Miller v. Gammie,* 335 F.3d 889, 898 (9th Cir.2003), and (3) refused to dismiss the action based on the *Rooker–Feldman* doctrine because the Second Amended Complaint did not allege that the state court judgment was erroneous, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* — U.S. —, ——–——, 125 S.Ct. 1517, 1521–22, 161 L.Ed.2d 454 (2005).

tive relief is DISMISSED with prejudice; and

4) Plaintiff Lola Osborne, individually and as the parent of Khila Ward, a minor child, shall file a Second Amended Complaint consistent with this order no later than eighteen days from the date of this order.